HERMANN S. VATH, EXECUTOR OF LAST WILL AND TESTAMENT OF CHARLES J. VATH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95888. Promulgated February 29, 1940.

*Emmet W. Gottenberg, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The statute under which the petitioner claims a deduction for "property previously taxed" is section 303 (a) (2) of the Revenue Act of 1926, as amended by section 806 of the Revenue Act of 1932.[1]

Counsel for the petitioner argues on brief that there has been no "final determination" that the estate of Frances L. Vath is or is not subject to the estate tax. He submits that only after a taxpayer has pursued his remedy to its ultimate disposition by the Board and the courts can the determination be final. He contends, however, that, since there has been no final determination that Mrs. Vath's estate is *not* subject to the estate tax and no one has been given an opportunity to have that question decided on its merits, the respondent is precluded from asserting that there is no tax due from that estate.

There are several reasons why petitioner can not prevail. The statute allows a deduction for prior taxed property where such property can be identified as having been transferred to the decedent by the prior decedent by gift, bequest, devise, or inheritance. The record in this case fails to establish such identification. There was testimony as to certain properties that "they belonged to them both." But there was no proper identification of the property. Moreover, there was no evidence as to source or quality of title or time of transfers, if any; as to disposition of rents received; as to payment of property taxes. In short, there is neither direct nor collateral evidence sufficient to establish the identity and ownership of the property alleged to have been previously taxed.

---

[1] SEC. 303. For the purpose of the tax the value of the net estate shall be determined—
(a) In the case of a resident, by deducting from the value of the gross estate—
* * * * * * *
(2) An amount equal to the value of any property (A) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, or (B) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from the donor by gift, or from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. This deduction shall be allowed only where a gift tax imposed under the Revenue Act of 1932, or an estate tax imposed under this or any prior Act of Congress, was finally determined and paid by or on behalf of such donor, or the estate of such prior decedent, as the case may be, and only in the amount finally determined as the value of such property in determining the value of the gift, or the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate. * * *

The statute further provides that the deduction shall be allowed *only* where an estate tax "was finally determined and paid" by or on behalf of the estate of the prior decedent. Here the Commissioner "finally determined" that there was no tax due from the estate of Frances L. Vath. No tax has been "finally determined and paid", as provided by the statute. The check for $71.35 was not tendered to nor received by the collector as a result of a final determination. The accepting of the check was an administrative act in nowise conclusive of the rights of the Government to audit the return, to demand additional taxes, or to declare a refund due. The fact that the estate of Frances L. Vath has declined to accept the refund check gives petitioner no rights. Thus petitioner can not qualify under this provision of the statute for the sufficient reason that no tax has been "finally determined and paid" as to the estate of Frances L. Vath.

On the other hand, if we accept petitioner's contention advanced on brief that there has been no final determination in the estate of Frances L. Vath because there has been no appeal from the ruling that no tax is due, we arrive at the same conclusion. If there has been no final determination petitioner can not qualify under the statute. It matters not that a proceeding before the Board may not be predicated on an overassessment. There is no way by which the Board can, as requested by counsel, take jurisdiction of the estate of Frances L. Vath and reverse the ruling of the Commissioner.

*Decision will be entered for the respondent.*